# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL L. TOLLIVER,<br><br>                      Petitioner,<br><br>   vs.<br><br><br>RICK HILL, et al.,<br><br>                      Respondents. | CASE NO. 10-CV-1693-H (WVG)<br><br>**ORDER**<br><br>**(1) DENYING PETITIONER'S MOTION UNDER RULE 60(b);**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY; &**<br><br>**(3) GRANTING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS** |

On August 9, 2010, Petitioner Darryl L. Tolliver, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. No. 1.) On August 20, 2010, the Court summarily dismissed this case pursuant to 28 U.S.C. § 2244(b)(3)(A) after concluding that Petitioner was seeking to challenge the same conviction he had challenged in his prior federal habeas petition filed on April 9, 1999 in case No. 99cv0719. (Doc. No. 2.) On September 20, 2010, Petitioner filed an appeal from the Court's August 20, 2010 order. (Doc. No. 3.) The Court construes the filing as both an appeal and as a motion for reconsideration under the Federal Rule of Civil Procedure 60(b). On September 20, 2010, Petitioner also filed a motion for leave to appeal in forma pauperis. (Doc. No. 5.)

---

[1] Petitioner's filing was entitled "Request for relief pursuant to Federal Rule of Civil Procedure: Rule 60(b)(2); (6); and Rule 60(d)(1)." For the reasons explained below, the Court construed the request as a petition pursuant to 28 U.S.C. § 2254.

For the following reasons, the Court DENIES Petitioner's motion for reconsideration. The Court also DENIES the request for certificate of appealability, and GRANTS the motion for leave to proceed in forma pauperis on appeal.

**Background**

On April 9, 1999, Petitioner Darryl L. Tolliver, a state prisoner proceeding pro se, filed in this Court a Petition for Writ of Habeas Corpus in case No. 99cv0719. In that petition, Petitioner challenged his conviction in San Diego Superior Court case No. S035319. On January 26, 2001, this Court dismissed the petition as untimely. (See Doc. No. 35 in case No. 99cv0719.) Petitioner appealed that determination and filed a request for a certificate of appealability ("COA"). (Doc. Nos. 37, 39 in case No. 99cv0719.) This Court denied the motion for COA on February 12, 2001. (Doc. No. 40 in case No. 99cv0719.) The Ninth Circuit Court of Appeals denied a COA on April 19, 2001. (Doc. No. 46 in case No. 99cv0719.) On November 9, 2001, Petitioner filed a request for leave of court to file a motion under the Federal Rule of Civil Procedure P. 60(b), which the Court construed as a successive petition and denied because Petitioner had failed to get permission from the Ninth Circuit to file a successive petition pursuant to 28 U.S.C. § 2244(3)(A). (Doc. No. 47 in case No. 99cv0719.) Petitioner appealed that decision to the Ninth Circuit, which directed this Court to grant or deny a COA. (Doc. No. 57 in case No. 99cv0719.) On February 15, 2002, the Court denied a COA. (Doc. No. 58 in case No. 99cv0719.) Petitioner then filed a motion to vacate judgment, which this Court denied on August 6, 2007. (Doc. Nos. 65, 66 in case No. 99cv0719.) Petitioner filed a motion for COA, which was denied by this Court on August 31, 2007, and by the Ninth Circuit on June 23, 2008. (Doc. Nos. 68, 70, 75 in case No. 99cv0719.)

On August 9, 2010, Petitioner filed another request for relief pursuant to Rule 60(b). (Doc. No. 1.) The Court construed the request as a successive petition, and directed the Clerk to open this case. On August 20, 2010, the Court summarily dismissed this case without prejudice pursuant to 28 U.S.C. § 2244(b)(3)(A), and directed Petitioner to obtain an Order from the Ninth Circuit Court of Appeals authorizing the district court to consider a successive petition. (Doc. No. 2 at 2.) The Court also directed the Clerk to mail Petitioner a blank

application for leave to file a second or successive petition under 28 U.S.C. § 2254 together with a copy of the Court's order. (Id.) Petitioner did not obtain leave from the Court of Appeals; instead, on September 20, 2010, he filed an appeal from the Court's August 20, 2010 order. (Doc. No. 3.) The Court construes the filing as both an appeal and as a motion for reconsideration under the Federal Rule of Civil Procedure 60(b).

Rule 60(b) motions in habeas cases are treated as successive petitions if the factual predicate for the motion also states a claim for successive petition. Ortiz v. Stewart, 195 F.3d 520, 520 (9th Cir. 1999); Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998). Because the Court properly construed Petitioner's August 9, 2010 request as a successive petition, the Court **DENIES** Petitioner's motion for reconsideration under Rule 60(b).

"If no express request is made for certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate." United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate will not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." The Court's denial of a Rule 60(b) relief does not concern the denial of a constitutional right. However, as the Court previously instructed, Petitioner may bring a request before the Ninth Circuit Court of Appeals for an order authorizing the district court to consider his Rule 60(b) application. See 28 U.S.C. § 2244(3)(A). Accordingly, the Court **DENIES** the request for certificate of appealability. The Court **GRANTS** leave to proceed in forma pauperis on appeal.

**Conclusion**

For the reasons above, the Court **DENIES** Petitioner's Rule 60(b) motion, and **DENIES** a certificate of appealability. The Court **GRANTS** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

Dated: October 4, 2010

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT